GLADNEY, Judge.
The plaintiff, V. O. Walters, as the owner of the East 47 feet of Lot 29 of the Cres-well Subdivision of Shreveport, instituted this, a petitory action, alleging John C. Krepak, defendant, is in physical possession of a strip of land on the East side of his property, .95 feet in width, beginning at his Southeast corner and running approximately % of the length of said property along his East property line. The defendant admitted physical possession of the property in dispute but denies plaintiff has any title thereto. Upon the issues thus presented, the trial was had with judgment in favor of plaintiff. From this decree the defendant has appealed.
The question thus presented is simply whether or not the small area in dispute is encompassed within the title of plaintiff, who has offered evidence to show conclusively that he is the owner of the East 47 feet of Lot 29. The issue is concerned with the proper location of the East line of plaintiff’s property, which in turn, is the West line of the defendant, who owns Lot 30 of the Creswell Addition, or Cres-well Subdivision.
In support of his claim appellee has tendered in evidence a plat drawn by George E. Dutton, a registered surveyor, bearing date of November 23, 1955, wherein he locates the Southeast corner of plaintiff’s property (the Southwest corner of defendant’s property) one foot East of the corner claimed by defendant to be the true location of said corner. To confirm defendant’s position a plat has been offered in evidence dated February 1, 1956, and bearing the signatures of Jessie C. McLemore, Van A. Barnett and Ben E. Ramsey, all qualified and registered surveyors. Also found in the record is a photostatic copy of the original plat of the *394 Creswell Addition as prepared by F. P. Leavenworth, surveyor, of date of October 26, 1871, which represents the Creswell Subdivision as originally drawn and recorded. In general, this plat subdivides a plot of ground into thirty lots. Lots numbered 1, 2, 3, 4 and 5 face Eastward on Fairfield Avenue and Lots numbered 16, 17, 18, 19 and 20 face West toward Southern Avenue. Lots numbered 6 through IS face Julia Street (now Eustis Street) to the North and Lots numbered 21 through 30 face Ada Street (now Prospect Street) to the South. West of and adjacent to the lots facing Fairfield Avenue is a 20-foot alley which runs between Eustis and Prospect Streets and similarly to the rear of the lots facing Southern Avenue there is a 20-foot alley between the same two streets.
The two properties involved in this suit face Prospect Street with Lot 30 adjacent to the alley in the rear of Lots numbered 1 to 5, inclusive. Lots numbered 6 through 30 are recorded as measuring 97.S feet frontage with a depth of 122 feet. The depth of the lots facing Fairfield Avenue and Southern Avenue is not delineated on Leavenworth’s plat. Because of the age of this subdivision, most of the property has been improved and no doubt some of the lots have been surveyed on more than one occasion.
It is also shown by the record plaintiff’s property was surveyed by A. A. Lyons on April 29, 1939, and his plat thereof is found in the record. It should be noted, however, that Lyons surveyed and his plat delineates the East one-half of Lot 29, which he records as having a width of 48.75 feet, whereas the title of Walters at that time embraced only the East 47 feet of Lot 29.
The plat of McLemore, Barnett and Ramsey of February 1, 1956, reproduces the entire plat of the original subdivision by Leavenworth, but reflects also actual measured distances towards the East from the Southwest corner of Lot 20, which also is a corner at the intersection of Southern Avenue and Prospect Street. For the purpose of recordation on the plat, this corner is indicated as Station O and proceeding to the East is recorded the true East-West dimensions of the lots, the returns of both alleys, the returns of the curbs of each alley, and the monuments or iron pins encountered along Prospect Street between Lots 21 and 22, 22 and 23, 23 and 24, 24 and 25, 26 and 27, 28 and 29, 29 and 30. Also recorded is an iron pin located near the middle of Lots 28 and 29. The improvements of driveways, fences, etc., are shown on the Dutton survey but are not reflected on the plat of February 1, 1956.
In attempting to discover the true East line separating the property of Walters and Krepak, Dutton testified his original starting point was an iron pin found near the Southeast corner of Walters’ property. This iron pin or the point referred to, is reflected on the plat of McLemore, et al. of February 1, 1956, as being Station 10 + 40.8, distant 1040.8 feet from Station O at the corner of Prospect and Southern Avenue.
Dutton testified, and also shows on his plat, the distance from the Southeast corner of Lot 29 to the West curb of the alley which adjoins Lot 30 on the East to be 99 feet. His map also shows an iron pin 2.6 feet West of the point affixed by him on the curb as being the Southeast corner of Lot 30. Dutton’s map also shows a cyclone fence built by Krepak .95 feet West of a monument or pin determined by him to represent the Southeast comer of Lot 29 and the Southwest corner of Lot 30. It is apparent from the testimony of Dutton, proof of the Southeast corner of Lot 29 or the Southwest corner of Lot 30 as fixed by him is dependent upon his testimony that the East line of Lot 29 forms a true 90° angle with the South line of Lots 29 and 30, but this is a non sequitur. Dutton’s plat also shows that from the East curb of the alley adjacent to Lot 30 to the pin at Fairfield Avenue (Station 13 + 72 on the McLemore, et al. plat), there is a distance of 212.3 feet. The same measured distance *395 is represented on the plat of McLemore, et al. as 212.2 feet. The original plat of Leavenworth does not record the distance of the South line of Lot 5. As evidentiary-proof of his starting point Dutton testified that he measured from the Southeast corner of Lot 29 to the Northeast corner of Lot 29 and this line makes a true 90° angle with the South line, and further, that in measuring Easterly from said Southeast corner of Lot 29 to the West curb of the alley, Lot 30 would have a width of 99 feet. All surveyors agreed on the Northeast corner of the Lot 29. The record nowhere informs us where the angle of 90° has any significance. McLemore, et al. determine the same angle to be 89° 58". The angle is not computed on Leavenworth’s plat, nor is there any proof by Dutton of the location of the West and East curbs of the alley on the East side of Lot 30. The curb returns are simply assumed as there is no evidence to show a relationship between these points and the original survey of Leavenworth. Dutton testified his location of the Southeast corner of Lot 29 is predicated on the curb returns. He fails to explain the exact distances between the line established by him as the East line of Lot 29 and the various subdivision markers of the lots to the West along Prospect.
In proceeding East along Prospect Street from Station O at Southern Avenue, McLemore, et al. located pins in place at Stations 1 + 42, 2 + 59.2, 3 + 57.2, 4 + 54.7, 5 + 52.4 and 7 + 47.4. The plat establishes as curb returns on the alley East of the lots facing Southern Avenue: Station 1 + 47.9 as the back of the West curb and Station 1 + 63.9 as the back of the East curb of the alley. It is observed the Southeast corner of Lot 20, Station 1 + 42, is 5.9 feet West of the West curb return and the width of the alley between curbs is only 16 feet, whereas the alley was assigned a width of 20 feet on the original map of the subdivision by Leavenworth. The stations above listed designate the location of pins at corners on the South line of the following lots: 1+42, between Lot 20 and the alley; 2 + 59.2 between Lot 21 and Lot 22; 3 + 57.2 between Lots 22 and 23; 4 + 54.7 between Lots 23 and 24; 5 + 52.4 between Lots 24 and 25, and 7 + 47.4 between Lots 26 and 27. All of the pins so designated accord the correct frontage of 97.5 feet to the lots so concerned. Station 7 + 47.4 is .2 foot East of its correct position. The next corner pin in line from Station 7 + 47.4 was located at Station 9 + 43.7 near the corner between Lots 28 and 29. This station is 196.3 feet East of Station 7 + 47.4 or 197.5 East of the corner between Lots 26 and 27. This pin which should be 97.3 feet East of Station 7 + 47.4 is therefore 1.5 feet too far East and shorts Lot 29 to that extent. A pin was found at Station 10 + 39.8, only 96.1 feet East of Station 9 + 43.7. By locating the Southeast corner between Lots 28 and 29 one and one-half feet farther West, Lots 27 and 28 would each have their proper frontage of 97.5. Also it would follow that Lot 29 would have a frontage of 97.6 which nearly equals the true 97.5. However, by accepting the corner used by Dutton as the Southeast corner of Lot 29, that lot’s width would be 98.6 feet or about one foot in excess of its rightful distance. Continuing East a pin was found at Station 11 + 37.2 corresponding to'the true Southeast corner of Lot 30 and is 97.4 East of the McLemore et al. corner at Station 10 + 39.8 but the Dutton corner at Station 10 + 40.8 would give Lot 30 a width of only 96.4 feet. It seems clear, therefore, the pins found along Prospect Street, with exceptions of Station 9 + 43.7 and Dutton’s corner Station 10 + 40.8 tie in well with the original survey of Leavenworth.
The trial judge in written reasons for his decision, says that to accept the Mc-Lemore et al. line, and not accept the Dut-ton line as a dividing line between the two disputants would require plaintiff to remove 1014 inches of his concrete driveway. This inference appears to us to be incorrect. Furthermore, the court in supporting the surveys of Lyons and Dutton reasoned that *396 Walters’ garage is four feet West of his East line and his house is 12^4 feet from that line. Another reason given is that the Dutton line will maintain all of the lot owners in their present positions and will leave Krepalc with more land between the Dutton line and the curb than the map shows he is entitled to. In conclusion, the court states that it understands there is a city ordinance that requires improvements to be placed four feet from the property line.
The only difference in the conclusions reached is that Dutton adds the West 2.6 feet of the alley to Lot 30, predicating his finding on the curbs as a proven boundary. McLemore et al. locate the curbs 2.6 feet East of the corners of the alley, predicating the findings on the true alley returns. By accepting Dutton’s map and findings, the defendant would have a lot 96.4 feet in width instead of the 97.5 feet his title calls for. By accepting McLemore’s findings with Station 9 + 42.2 as the Southwest corner of plaintiff’s lot, plaintiff has the full measured 47 feet called for in his title between said station and Station 10 + 39.8 as established by McLemore. If we read Dutton’s map and testimony as recorded in the record, there is nothing to dispute the identity of Station 9 + 42.2. The only person shorted in Lot 29, if the pin found at Station 9 + 43.7 should be recognized, would be the owner of the West part of Lot 29. McLemore’s plat indicates the true Southwest corner of Lot 29 should be 1.5 feet East of Station 9 + 43.7. If this is true, then the neighbor of plaintiff on the West would receive his full share of the property.
We, therefore, are of the opinion that there is manifest error in the ruling of the trial court in which it determined the East line between Lots 29 and 30 of the Creswell Addition to be as found by Dutton. The true line, we think, should be one foot West of said point as designated Station 10 + 39.8 on the plat of McLemore, et al., dated February 1, 1956.
It follows from our findings, therefore, that the judgment from which appealed should be, and is hereby reversed and it is now ordered, adjudged and decreed that there be judgment rejecting the demands of plaintiff at his cost.